CHARLES H. ALLARDICE, Plaintiff, *v*. ISTHMIAN STEAMSHIP COMPANY, INC., Defendant.

City Court of the City of New York, Trial Term, New York County, December 24, 1953.

*Benjamin Glickman* for plaintiff.

*Frank W. Stuhlman* for defendant.

MARKEWICH, J.  At first practiced by the medical profession here and abroad, and then later by barbers, the old practice of relieving chest congestion by the application of vacuum cups has so far fallen into disuse that explanation is often needed for

the aphorism that "dead men are not helped by cupping." The plaintiff has complained that he, a live man, was not much helped either.

This case was tried without a jury, findings and conclusions having been waived. Plaintiff, a crew member, suffering from a chest cold unrelieved by medication, submitted to cupping by a fellow member of the crew, a so-called reefer engineer. The process required the use of a torch, here a fork wrapped with alcohol-soaked cotton, to heat the air within each cup so as to provide a vacuum when the contained air cooled after application of the cup to the skin. The alcohol spilled on the plaintiff's naked body and became ignited. Plaintiff sues to recover for pain, suffering, and permanent scars, and for wages lost in the period of incapacity resulting from the burns. Cure, maintenance and medical expenses have all been paid and the second cause of action withdrawn.

Cupping is not among the ordinary duties expected of a refrigerator engineer. Plaintiff would certainly have been contributorily negligent in submitting to such a hazardous process under the circumstances described *unless* he was so directed by competent authority, in this case the chief mate, who was medical officer. And this is the issue: did the mate send plaintiff to the reefer engineer, or did plaintiff go on his own?

The issue is primarily one of credibility. After wading through a welter of records, statements and depositions, I come back to the impression left upon me by the witnesses: the plaintiff was truthful and open, even in his explanation of how he is apparently contradicted by his own statement, defendant's Exhibit "B"; the mate is a dissembler, intent on justifying his own conduct, and who said that he did not even know that the reefer engineer had been treating others aboard ship in the same manner for the same complaint. Plaintiff's Exhibit "4", the medical log, shows many colds; defendant's Exhibit "D", the reefer engineer's statement, tells of treating "other fellows on the ship"; the mate was too keen, sharp, and intelligent to be ignorant of this and, while this is certainly not controlling, it indicates the kind of witness he was. I find, therefore, that plaintiff was sent for the treatment by the mate, and that defendant must answer for his injuries.

These must have been painful but hardly serious in their lasting effect. There are two scars, neither disabling in any way, and constituting relatively minor cosmetic defects; one, because of its location, should not even be deemed embarrassing. The loss of wages was agreed to be $131. Taking all things into

account, the sum of $1,000 is adequate compensation, for which sum plaintiff is awarded judgment.

Any motions left unresolved are deemed decided in accordance with the foregoing. Ten days' stay; thirty days to make a case. Exhibits may be had from the clerk of Part V.